09-4884-ag
Zhu v. Holder

BIA
Holmes-Simmons, IJ
A096 395 095

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of September, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JON O. NEWMAN,
        RICHARD C. WESLEY,
                *Circuit Judges*.

_____

JIAN CHAO ZHU,
        *Petitioner,*

                v.                                  09-4884-ag
                                                    NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, Madeo & Fasano,
                       New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Melissa Neiman-Kelting,
                       Senior Litigation Counsel; Allison

**Frayer**, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Chao Zhu, a native and citizen of the People's Republic of China, seeks review of a October 27, 2009, order of the BIA affirming the January 4, 2008, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chao Zhu*, No. A096 395 095 (B.I.A. Oct. 27, 2009), *aff'g* No. A096 395 095 (Immig. Ct. N.Y. City Jan. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably found that Zhu failed to establish that he was persecuted on account of his political opinion. In addition to showing past persecution or a well-founded fear of future persecution, asylum eligibility requires that the persecution be on account of the applicant's race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. § 1101(a)(42). To establish persecution based on a political opinion, the "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). We have found that "opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Id.* at 547-48. Zhu has made no such showing.

The agency reasonably found that Zhu's difficulties with Don Cun Qi were no more than a personal dispute resulting from Qi's desire to date Zhu's girlfriend. The

3

record supports a finding that Qi was motivated by Zhu's personal circumstances, not his political opinion, as Zhu testified that Qi told him to leave his girlfriend. Thus, the agency reasonably found that Zhu's difficulties were no more than a personal dispute because Qi wanted to date Zhu's girlfriend. *See* 8 U.S.C. § 1101(a)(42); *Yueqing Zhang*, 426 F.3d at 545. To the extent Zhu claims that he has a well-founded fear of persecution based on his "complaint letter" challenging the charges against him, he did not provide a copy of the letter to the Court or testify about the contents of the letter. Moreover, he testified that he received no response to his letter and nothing in the record indicates that any government officials are looking for him. Accordingly, the IJ reasonably found that Zhu's letter did not constitute opposition to government corruption because he did not establish that his letter "transcend[ed] mere self-protection." *See id.* at 547-48 ("[T]he important questions for determining the nature of the applicant's opposition are whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational")(internal quotations omitted).

To the extent Zhu argues that he fears persecution for his failure to return to court after his release from detention, it is well-established that petitioners are not entitled to relief for prosecution they would face for violating a generally applicable criminal law. *See Qun Yang v. McElroy,* 277 F.3d 158, 163 n.5 (2d Cir. 2002) (per curiam); *see also Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir. 1992). Moreover, Zhu has not presented any evidence that officials are still searching for him. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Because the agency reasonably found that Zhu failed to show a nexus to a protected ground, it properly denied his application for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(ii); *Yueqing Zhang*, 426 F.3d at 545; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Zhu does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

5

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk